Filed 5/14/13  In re Michael Q. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| In re MICHAEL Q., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL Q.,<br><br>      Defendant and Appellant. | C072849<br><br>(Super. Ct. No. 69506) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On September 20, 2012, a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) was filed in San Joaquin County Juvenile Court alleging that minor Michael Q. should be made a ward of the court because he had committed first degree burglary

1

(count 1; Pen. Code,[1] § 459) and had received stolen property, namely "antique eggs" (count 2; § 496, subd. (a)).[2]

The minor was released to the custody of his aunt. The juvenile court thereafter found him not suitable for deferred entry of judgment.

At the jurisdictional hearing, the juvenile court struck count 2 because of a discovery violation.

The evidence at the hearing was as follows:

On the afternoon of September 17, 2012, the victim's neighbor, Victor R., saw a Honda parked by the victim's home in Lodi, with someone sitting in the passenger seat. Later, Victor R. saw two men putting a television into the car's trunk; he believed one of them was the man who had been in the passenger seat. Victor R. wrote down the Honda's license plate number. He then called the victim, Mark S.

Returning home 10 minutes later, Mark S. saw that the window in his spare bedroom was broken out and there was a black glove on the bedroom floor. His television was missing. He later discovered that three "alabaster eggs" and an antique clarinet were also gone.

Lodi Police Officer Raul Trevino came to Mark S.'s house to investigate the burglary. He took the paper on which Victor R. had written down the Honda's license plate number and put out a "be on the lookout" bulletin on the Honda.

The next day, Lodi Police Officer Joshua Redding made a traffic stop of the Honda. The minor was one of the passengers.

---

[1]     Undesignated section references are to the Penal Code.

[2]     Count 2 originally alleged that the stolen property was a television, but the petition was later amended by hand.

Notified by Officer Redding, Officer Trevino came to the scene and found a glove under the driver's seat of the Honda similar to the one found in Mark S.'s bedroom. The alabaster eggs and the clarinet were later recovered from the Honda.

Officer Trevino detained the minor in his patrol car and *Mirandized*[3] him. Interviewed by Lodi Police Detective Roger Butterfield, the minor admitted he had gone to the victim's house with someone else, but said he never got out of the car.

Officer Trevino took the minor to Victor R.'s home for a field showup. Victor R. could not identify the minor at the time, but in court he identified the minor as the passenger in the Honda who helped put the television in the trunk.

The minor eventually admitted to Officer Trevino that he had opened "a door" and the trunk.

The juvenile court initially ruled orally that both counts 1 and 2 were proved beyond a reasonable doubt. After being reminded that count 2 was stricken in limine, the court amended its ruling to cover only count 1, which it declared a felony.

The juvenile court imposed 12 months of probation, including 30 days on electronic monitoring and other conditions.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

**3**     *Miranda v. Arizona* (1966) 384 U.S. 436 [16 l.Ed.2d 694].

3

We must remand the matter to the juvenile court, however, because the disposition report erroneously states that the court found the minor guilty as to count 2, which was stricken.  On remand, the court is directed to order the preparation of a corrected disposition report which deletes the purported findings as to count 2.

## DISPOSITION

The matter is remanded to the juvenile court with directions to prepare a corrected disposition report that omits the purported findings on count 2.  In all other respects, the judgment is affirmed.

                                          BLEASE            , Acting P. J.

We concur:

     NICHOLSON         , J.

     MAURO             , J.